UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD P. GAMBINO, as he is ADMINISTRATOR, LOCAL 103, I.B.E.W. HEALTH BENEFIT PLAN; ELECTRICAL WORKERS' PENSION FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' DEFERRED INCOME FUND, LOCAL 103, I.B.E.W.; JOINT APPRENTICESHIP AND TRAINING FUND; and LAWRENCE J. BRADLEY, as he is EXECUTIVE SECRETARY-TREASURER, NATIONAL ELECTRICAL BENEFIT FUND, <br><br>        Plaintiffs,<br><br>        vs.<br><br>DEVLIN ELECTRICAL SERVICES LLC,<br>        Defendant,<br><br>SOLULAR, LLC, WARWICK CONSTRUCTION, INC., METRIC CONSTRUCTION CORP., BENNETT DEVELOPMENT, LLC, THE HAMILTON COMPANY, INC., HAMILTON CONSTRUCTION MANAGEMENT CORP., AECOM USA MASSACHUSETTS, INC., A&O DANNER COMPANIES, INC., BODWELL PINES CORP., COBALT INDUSTRIES, INC., BURKE GROUP, INC., MENEMSHA BUILDERS, INC., METRO HEALTH FOUNDATION OF MASSACHUSETTS, INC., and SHAWMUT CONSTRUCTION CO., INC.,<br>        Reach and Apply Defendants, and<br><br>SOUTH SHORE SAVINGS BANK,<br>        Trustee. | C.A. No. |

## VERIFIED COMPLAINT

## NATURE OF ACTION

1.  This is an action brought pursuant to §§502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and (d)(1) and 1145 and pursuant to §301 of the Labor Management Relations Act ("LMRA"), as amended, 29

U.S.C. §185, by employee benefit plans to enforce the obligation to pay fringe benefit contributions and pay interest due to the plans under the terms of a collective bargaining agreement and the plans.

## JURISDICTION

2.     The Court has exclusive jurisdiction of this action pursuant to §502(a), (e) and (f) of ERISA, 29 U.S.C. §1132(a), (e) and (f), and §301 of the LMRA, as amended, 29 U.S.C. §185, without respect to the amount in controversy or the citizenship of the parties.

## PARTIES

3.     Plaintiff Richard P. Gambino is the Administrator of the Local 103, I.B.E.W. Health Benefit Plan ("Health Plan").  The Health Plan is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1).  The Health Plan is administered at 256 Freeport Street, Boston, Massachusetts, within this judicial district.

4.     Plaintiff Richard P. Gambino is also the Administrator of the Electrical Workers' Pension Fund, Local 103, I.B.E.W. ("Pension Fund").  The Pension Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A).  The Pension Fund is administered at 256 Freeport Street, Boston, Massachusetts, within this judicial district.

5.     Plaintiff Richard P. Gambino is also the Administrator of the Electrical Workers' Deferred Income Fund, Local 103, I.B.E.W. ("Deferred Income Fund").  The Deferred Income Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A).  The Deferred Income Fund is administered at 256 Freeport Street, Boston, Massachusetts, within this judicial district.

6.     Plaintiff Richard P. Gambino is also the Administrator of the Joint Apprenticeship

and Training Fund ("JATC"). The JATC is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). The JATC is administered at 256 Freeport Street, Boston, Massachusetts, within this judicial district.

7. Plaintiff Lawrence J. Bradley is the Executive Secretary-Treasurer of the National Electrical Benefit Fund ("National Fund"). The National Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). The National Fund is administered at 2400 Research Boulevard, Suite #500, Rockville, Maryland.

8. The Health Plan, Pension Fund, Deferred Income Fund, JATC, and National Fund are multi-employer plans within the meaning of §3(37)(A) of ERISA, 29 U.S.C. §1002(37)(A). They are hereinafter collectively referred to as "the Funds."

9. Defendant Devlin Electrical Services LLC ("Devlin") is a Massachusetts corporation with a principal place of business at 199 Weymouth St. Unit 6, Rockland, Massachusetts 02370. Its appointed resident agent for service of process is Brian Devlin of 18 Thayer Place, Braintree, Massachusetts 02184. Devlin is an employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12) and within the meaning of §301 of the LMRA, 29 U.S.C. §185.

10. Reach and Apply Defendant Solular, LLC is, on information and belief, a corporation organized under the laws of New Jersey with a place of business at 20 West Stow Road, Suite 2, Marlton, NJ 08053 and 1617 Route 206, Tabernacle, NJ 08088, and a resident agent for service of process listed at the Secretary of State's Office as Anthony Pagliuso, 179 Sidney St., Cambridge, MA 02139. On information and belief, Solular, LLC owes money to Devlin in the amount of $84,180.00.

11. Reach and Apply Defendant Warwick Construction, Inc. is, on information and belief, a corporation organized under the laws of Texas with a place of business at 365 FM 1959, Houston, TX 77034 and a resident agent for service of process listed at the Secretary of State's Office as Corporation Service Company, 84 State Street, Boston, MA 02109.  On information and belief, Warwick Construction, Inc. owes money to Devlin.

12. Reach and Apply Defendant Metric Construction Corp. is, on information and belief, a Massachusetts corporation with a principal place of business at 55 Henshaw Street, Boston, MA 02135 and an agent for service of process listed at the Secretary of State's Office as Geoffrey Caraboolad, 55 Henshaw St., Boston, MA 02135.  On information and belief, Metric Construction Corp. owes money to Devlin.

13. Reach and Apply Defendant Bennett Development, LLC is, on information and belief, a Massachusetts corporation with a principal place of business at 80 Loring Road, Weston, MA 02493 and an agent for service of process listed at the Secretary of State's Office as Bruce B. Daniel, 587 E. Broadway Street, South Boston, MA 02127.  On information and belief, Bennett Development, LLC owes money to Devlin.

14. Reach and Apply Defendant The Hamilton Company, Inc. is, on information and belief, a Massachusetts corporation with a principal place of business at 39 Brighton Avenue, Allston, MA 02134 and an agent for service of process listed at the Secretary of State's Office as Harold Brown, 39 Brighton Avenue, Allston, MA 02134.  On information and belief, The Hamilton Company, Inc. owes money to Devlin.

15. Reach and Apply Defendant Hamilton Construction Management Corp. is, on information and belief, a Massachusetts corporation with a principal place of business at 39

Brighton Avenue, Boston, MA 02134. On information and belief, Hamilton Construction Management Corp. owes money to Devlin.

16. Reach and Apply Defendant Aecom USA of Massachusetts, Inc. is, on information and belief, a Massachusetts corporation with a principal place of business at 66 Long Wharf, Boston, MA 02110 and an agent for service of process listed at the Secretary of State's Office as CT Corporation System, 155 Federal Street, Suite 700, Boston, MA 02110. On information and belief, Aecom USA Massachusetts, Inc. owes money to Devlin.

17. Reach and Apply Defendant A&O Danner Companies Inc. is, on information and belief, a Massachusetts corporation with a principal place of business at 15 Independence Road, Plymouth, MA 02360 and an agent for service of process listed at the Secretary of State's Office as Krystal Danner, 15 Independence Road, Plymouth, MA 02360. On information and belief, A&O Danner Companies, Inc. owes money to Devlin.

18. Reach and Apply Defendant Bodwell Pines Corp. is, on information and belief, a corporation organized under the laws of New Hampshire, with a place of business at 220 North Main St., Suite 105, Natick, MA 02370 and 1301 Bodwell Road, Manchester, NH 03109 and an agent for service of process listed at the Secretary of State's Office as Ronald S. Simons, 220 North Main Street, 105, Natick, MA. On information and belief, Bodwell Pines Corp. owes money to Devlin.

19. Reach and Apply Defendant Cobalt Industries, Inc. is, on information and belief, a Massachusetts corporation with a principal place of business at 2465 West Shore Road, Warwick, RI 02889 and an agent for service of process listed at the Secretary of State's Office as National Registered Agents, Inc., 155 Federal Street, Suite 700, Boston, MA 02110. On information and belief, Cobalt Industries, Inc. owes money to Devlin.

20. Reach and Apply Defendant Burke Group, Inc. is, on information and belief, a Massachusetts corporation with a principal place of business at 475 School Street, Unit 4, Marshfield, MA 02050 and an agent for service of process listed at the Secretary of State's Office as Tom Burke, 475 School Street, Suite 4, Marshfield, MA 02050.  On information and belief, Burke Group, Inc. owes money to Devlin.

21. Reach and Apply Defendant Menemsha Builders, Inc. is, on information and belief, a Massachusetts corporation with a principal place of business at 151 King Street, Falmouth, MA 02540 and an agent for service of process listed at the Secretary of State's Office as Kathryn P. Wessling, 151 King Street, Falmouth, MA 02540.  On information and belief, Menemsha Builders, Inc. owes money to Devlin.

22. Reach and Apply Defendant The Metro Health Foundation of Massachusetts, Inc. is, on information and belief, a Massachusetts corporation with a principal place of business at 275 Grove Street, 2-400, Newton, MA 02466 and an agent for service of process listed at the Secretary of State's Office as A. Jason Geisinger, 275 Grove Street, 2-400, Newton, MA 02466.  On information and belief, The Metro Health Foundation of Massachusetts, Inc. owes money to Devlin.

23. Reach and Apply Defendant Shawmut Construction Co., Inc. is, on information and belief, a Massachusetts corporation with a principal place of business at 46 Fairfax Street, Weymouth, MA 02191 and an agent for service of process listed at the Secretary of State's Office as Paul S. Pompeo, 46 Fairfax St., Weymouth, MA 02191.  On information and belief, Shawmut Construction Co., Inc. owes money to Devlin.

24. Upon information and belief, South Shore Savings Bank is a banking institution holding assets of the Defendant.

**FACTS**

25.     On or about December 5, 2011, Devlin signed a Letter of Assent authorizing the Boston Chapter, NECA as its collective bargaining representative for all matters contained in, or pertaining to, the then current and any subsequent collective bargaining agreements between Boston Chapter, NECA and Local Union, 103, I.B.E.W.  A true and accurate copy of the Letter of Assent is attached hereto as Exhibit A.

26.     Devlin has been a party to successive collective bargaining agreements, including the agreement which is currently effective for the period September 1, 2011 through August 31, 2016, a copy of which is attached hereto as Exhibit B ("Agreement").

27.     The Agreement requires signatory employers to make contributions to Plaintiff Funds for each hour worked by covered employees.  The Agreement specifies the amount to be contributed by an employer to each of Plaintiff Funds for each hour worked and specifies further that these amounts are to be paid by the 15th of the subsequent month.  The Agreement also specifies that working dues are to be deducted from the pay of each employee and forwarded to the Funds.  The Funds and the Union have a separate agreement which allows the Funds to collect the working dues on behalf of the Union.

28.     The Agreement further requires signatory employers to remit contributions to the Electrical Industry Labor Management Cooperation Trust Fund, The National Electrical Industry Fund and the Administrative Maintenance Fund for each hour worked by covered employees.

29.     Section 6.37(f) of the Agreement provides that a delinquent fee must be paid for all payments made after the 15th of the month.  The Trustees of the Funds have determined that the delinquent fee to be charged on the late payment of contributions be set at 1.5 percent per month.

30.     Devlin has not paid any contributions, or remitted dues deducted from its employees' pay, for work performed for the period of March 1, 2013 to the present.  Devlin also owes past-due interest on late-paid contributions in the amount of $2,783.36.  In addition, Devlin owes continuing interest on the unpaid principal at the rate of 1.5% per month, plus legal fees and costs of collection.

31.     Devlin has also failed to pay the working assessment that it deducted from its employees' wages in the months of March 2013 to the present.

32.     Funds' counsel sent a letter to Devlin on April 18, 2013, via certified mail, return receipt requested and by first class mail, demanding payment of contributions for work performed during January, February, and March 2013.  A copy of Funds' counsel's letter is attached hereto as Exhibit C.  Funds' counsel sent a letter to Devlin on May 17, 2013, via certified mail, return receipt requested and by first class mail, demanding payment of contributions for work performed during March 2013 and April 2013.  A copy of Funds' counsel's letter is attached hereto as Exhibit D.

33.     On April 10, 2013, Devlin paid the benefit contributions for January 2013 with a check in the amount of $70,080.48 drawn on an account with insufficient funds.  Devlin did not replace the bounced check until April 25, 2013.

34.     Devlin also owes interest on the unpaid contributions, which continue to accrue until the delinquent amounts are remitted to the Funds.

35.     To date, despite repeated demands, the aforementioned contributions and interest remain due and owing, plus continuing interest, liquidated damages, reasonable attorney's fees and costs.

## COUNT I - VIOLATION OF ERISA

36. Plaintiffs incorporate by reference paragraphs 1 through 35 above.

37. Absent an order from this Court, the Defendant will continue to refuse and fail to pay the contributions it owes Plaintiff Funds for the months of March 2013 through the present, and the Funds and their participants will be irreparably damaged.

38. The failure of Devlin to make payment of all contributions owed on behalf of all covered employees violates §515 of ERISA, 29 U.S.C. §1145.

39. A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by §502(h) of ERISA, 29 U.S.C. §1132(h).

## COUNT II - VIOLATION OF THE COLLECTIVE BARGAINING AGREEMENT

40. Plaintiffs incorporate by reference paragraphs 1 through 39 above.

41. The Agreement is a contract within the meaning of §301 of the LMRA.

42. The failure of Devlin to pay all contributions and interest owed on behalf of it covered employees and to remit the deducted dues violates the terms of the NECA Agreement.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs request this Court to grant the following relief:

a. Order the attachment by trustee process of the bank accounts of Devlin held by South Shore Savings Bank;

b. Enter a preliminary and permanent injunction enjoining the Reach-and-Apply Defendants and each of them from paying any money they owe to Devlin or to any vendor or other company on Devlin's behalf or account pending further order of this Court;

  c. Enter a preliminary and permanent injunction enjoining Devlin from refusing or failing to make payment of contributions, interest, fees and damages owed to Plaintiff Funds and from refusing or failing to provide remittance reports for work performed from March 1, 2013 to the present;

  d. Order the attachment of the machinery, inventory and accounts receivable of Devlin;

  e. Order Devlin to make available to the Plaintiff Funds or their duly authorized representative all of its payroll records, including, but not limited to, file copies of contribution reports, payroll tax returns, employees' earning records and hours worked, weekly payroll registers, certified payrolls, cash disbursement journals and a complete listing of all job locations from its last audited date until the date of the Court's order for the purpose of ascertaining the amounts, if any, or unpaid contributions paid for that period;

  f. Enter judgment in favor of the Plaintiff Funds on Count I for all contributions owed from March 2013 through the present, and any additional amounts which are discovered to be due, any additional amounts which fall due during the pendency of this action, plus all amounts that are determined by the Court to be owed the Funds through the date of the Judgment in this case, including past-due interest on late-paid contributions as well as interest on the unpaid contributions, liquidated damages, and attorneys' fees and costs, pursuant to 29 U.S.C. §1132(g)(2);

  g. Enter judgment in favor of the Plaintiff Funds on Count II for all contributions and dues deductions owed from March 2013 through the present, and any additional amounts which are discovered to be due, any additional amounts which fall due during the pendency of

this action, plus all amounts that are determined by the Court to be owed to the Funds, including interest on the principal owed; and

    h.    Such further and other relief as this Court may deem appropriate.

Respectfully submitted,

RICHARD P. GAMBINO, as he is ADMINISTRATOR, LOCAL 103, I.B.E.W. HEALTH BENEFIT PLAN, *et al.*,

By their attorney,

/s/ Kathryn S. Shea_____
Kathryn S. Shea, BBO # 547188
Segal Roitman, LLP
111 Devonshire Street, 5th Floor
Boston, MA  02109
(617) 742-0208, Ext. 230
kshea@segalroitman.com

Dated:  June 6, 2013

**<u>VERIFICATION</u>**

   I, Richard P. Gambino, Administrator for the Local 103, I.B.E.W. Health Benefit Plan, et al., verify that I have read the above Complaint, and the statements set forth therein are true and accurate based on my personal knowledge, except for those statements based on information and belief, and, as to those statements, I believe them to be true.

   SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS <u>6th</u> DAY OF <u>June </u>, 2013.

                        Richard P. Gambino